**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JENNIFER TONNESON,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CAMBRIDGE COLLEGE and EILEEN BROWN,**<br>**Defendants.** | **USDC No.: 1:10-CV-12004-RWZ** |

## ANSWER OF DEFENDANTS AND COUNTERCLAIMS OF CAMBRIDGE COLLEGE

Defendants Cambridge College, Inc. and Eileen Brown (collectively the "Defendants"), answer plaintiff's Complaint and Cambridge College asserts counterclaims against plaintiff Jennifer Tonneson ("Tonneson") as follows:

### I. PRELIMINARY STATEMENT

1. The Defendants deny the introductory allegations set forth in Paragraph 1.

### II. PARTIES

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and accordingly, deny the same.

3. The Defendants admit the allegations set forth in Paragraph 3.

4. The Defendants admit the allegations set forth in Paragraph 4.

## III. STATEMENT OF FACTS

5. The Defendants admit the allegations set forth in Paragraph 5.

6. The Defendants admit the allegations set forth in Paragraph 6.

7. The Defendants admit the allegations set forth in Paragraph 7.

8. The Defendants admit the allegations set forth in Paragraph 8 and refers to the additional terms of the appointment letter.

9. The Defendants admit the allegations set forth in Paragraph 9.

10. The Defendants admit the allegations set forth in Paragraph 10.

11. The Defendants deny the allegations set forth in Paragraph 11.

12. The Defendants admit the allegations set forth in Paragraph 12.

13. The Defendants admit the allegations set forth in Paragraph 13.

14. The Defendants admit that Tonneson owed duties to the college and further state that Tonneson breached those duties.

15. The Defendants deny the allegations set forth in Paragraph 15.

16. The Defendants deny the allegations set forth in Paragraph 16.

17. The Defendants deny the allegations set forth in Paragraph 17.

18. The Defendants deny the allegations set forth in Paragraph 18.

19. The Defendants deny the allegations set forth in Paragraph 19.

20. The Defendants admit the allegations set forth in Paragraph 20.

21. The Defendants deny the allegations set forth in Paragraph 21.

22. The Defendants deny the allegations set forth in Paragraph 22.

23. The Defendants deny the allegations set forth in Paragraph 23.

24. The Defendants deny the allegations set forth in Paragraph 24.

25. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 25. Defendants further state that the meeting constituted private and confidential settlement negotiations.

26. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 26 regarding the subject matter of the meeting because it constituted private and confidential settlement negotiations.

27. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 27 regarding the subject matter of the meeting because it constituted private and confidential settlement negotiations.

28. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 28 regarding the subject matter of the meeting because it constituted private and confidential settlement negotiations.

29. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 29 regarding the subject matter of the meeting because it constituted private and confidential settlement negotiations.

30. The Defendants admit that a meeting took place on March 11, 2008, but deny any allegations set forth in Paragraph 30 regarding the subject matter of the meeting because it was a private and confidential settlement negotiation.

31. The Defendants deny the allegations set forth in Paragraph 31.

32. The Defendants deny the allegations set forth in Paragraph 32.

33. The Defendants deny the allegations set forth in Paragraph 33.

34. The Defendants admit that Hitch, Johnstone and Jones were terminated and entered into agreements with the college and otherwise deny the allegations set forth in Paragraph 34.

35. The Defendants admit the allegations set forth in Paragraph 35.

36. The Defendants admit the allegations set forth in Paragraph 36.

37. The Defendants admit that Bremer filed a claim with the MCAD and deny the other allegations set forth in Paragraph 37.

38. The Defendants deny the allegations set forth in Paragraph 38.

39. The Defendants deny the allegations set forth in Paragraph 39.

40. The Defendants admit that Defendant Brown, with the approval of the Trustees, appointed Dr. Joseph Daisy as Executive Vice President. To the extent not expressly admitted, the allegations set forth in Paragraph 40 are denied.

41. The Defendants admit that the Board eliminated the Office of General Counsel and deny the remaining allegations set forth in Paragraph 41.

42. The Defendants deny the allegations set forth in Paragraph 42.

43. The Defendants deny the allegations set forth in Paragraph 43.

44. The Defendants deny the allegations set forth in Paragraph 44.

45. The Defendants deny the allegations set forth in Paragraph 45.

46. The Defendants deny the allegations set forth in Paragraph 46.

47. The Defendants deny the allegations set forth in Paragraph 47.

48. The Defendants admit the allegations set forth in Paragraph 48.

49. The Defendants admit the allegations set forth in Paragraph 49.

50. The Defendants admit the allegations set forth in Paragraph 50.

51. The Defendants admit the allegations set forth in Paragraph 51.

52. The Defendants admit the allegations set forth in Paragraph 52.

53. The Defendants deny the allegations set forth in Paragraph 53.

54. The Defendants admit the allegations set forth in Paragraph 54.

55. The Defendants admit the allegations set forth in Paragraph 55.

56. The Defendants deny the allegations set forth in Paragraph 56.

57. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 and accordingly, deny the same.

58. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 and accordingly, deny the same.

59. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 and accordingly, deny the same.

60. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 and accordingly, deny the same.

61. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and accordingly, deny the same.

62. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 and accordingly, deny the same.

63. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 and accordingly, deny the same.

64. The Defendants admit the allegations set forth in Paragraph 64 but deny any connection to Tonneson's meeting with The Eagan Group.

65. The Defendants admit the allegations set forth in Paragraph 65.

66. The Defendants deny the allegations set forth in Paragraph 66.

67. The Defendants admit the allegations set forth in Paragraph 67.

68. The Defendants admit the allegations set forth in Paragraph 68.

69. The Defendants admit the allegations set forth in Paragraph 69.

70. The Defendants admit the allegations set forth in Paragraph 70.

71. The Defendants admit the allegations set forth in Paragraph 71.

72. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 and accordingly, deny the same.

73. The Defendants deny the allegations set forth in Paragraph 73.

74. The Defendants deny the allegations set forth in Paragraph 74.

75. The Defendants deny the allegations set forth in Paragraph 75.

76. The Defendants deny the allegations set forth in Paragraph 76.

77. The Defendants deny the allegations set forth in Paragraph 77.

78. The Defendants deny the allegations set forth in Paragraph 78.

79. The Defendants deny the allegations set forth in Paragraph 79.

80. The Defendants deny the allegations set forth in Paragraph 80.

81. The Defendants deny the allegations set forth in Paragraph 81.

82. The Defendants deny the allegations set forth in Paragraph 82.

## IV. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT AGAINST DEFENDANT CAMBRIDGE COLLEGE

83. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 to 82.

84. The Defendants admit the allegations set forth in Paragraph 84.

85. The Defendants deny the allegations set forth in Paragraph 85.

86. The Defendants deny the allegations set forth in Paragraph 86.

87. The Defendants deny the allegations set forth in Paragraph 87.

88. The Defendants deny the allegations set forth in Paragraph 88.

89. The Defendants admit the allegations set forth in Paragraph 89.

90. The Defendants deny the allegations set forth in Paragraph 90.

91. The Defendants deny the allegations set forth in Paragraph 91.

92. The Defendants deny the allegations set forth in Paragraph 92.

### COUNT II: DEFAMATION AGAINST DEFENDANT EILEEN BROWN

93. The Defendants make no answer because Count II was dismissed.

94. The Defendants make no answer because Count II was dismissed.

95. The Defendants make no answer because Count II was dismissed.

96. The Defendants make no answer because Count II was dismissed.

**COUNT III:**
**DEFAMATION AGAINST DEFENDANT CAMBRIDGE COLLEGE**

97. The Defendants make no answer because Count III was dismissed.

98. The Defendants make no answer because Count III was dismissed.

99. The Defendants make no answer because Count III was dismissed.

100. The Defendants make no answer because Count III was dismissed.

101. The Defendants make no answer because Count III was dismissed.

**COUNT IV:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

102. The Defendants make no answer because Count IV was dismissed.

103. The Defendants make no answer because Count IV was dismissed.

104. The Defendants make no answer because Count IV was dismissed.

105. The Defendants make no answer because Count IV was dismissed.

106. The Defendants make no answer because Count IV was dismissed.

107. The Defendants make no answer because Count IV was dismissed.

**COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

108. The Defendants make no answer because Count V was dismissed.

109. The Defendants make no answer because Count V was dismissed.

110. The Defendants make no answer because Count V was dismissed.

111. The Defendants make no answer because Count V was dismissed.

**COUNT VI:**
**INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS AND CONTRACTUAL RELATIONS AGAINST DEFENDANT EILEEN BROWN**

112. The Defendants make no answer because Count VI was dismissed.

113. The Defendants make no answer because Count VI was dismissed.

114. The Defendants make no answer because Count VI was dismissed.

**COUNT VII:**
**VIOLATION OF MASACHUSETTS GENERAL LAWS CHAPTER 151B**

115. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 to 114.

116. The Defendants admit the allegations set forth in Paragraph 116.

117. The Defendants admit the allegations set forth in Paragraph 117.

118. The Defendants admit the allegations set forth in Paragraph 118.

119. The Defendants admit the allegations set forth in Paragraph 119.

120. The Defendants deny the allegations set forth in Paragraph 120.

121. The Defendants deny the allegations set forth in Paragraph 121.

**COUNT VIII:**
**VIOLATION OF TITLE VII OF THE CIVL RIGHTS ACT OF 1964**

122. Defendants hereby restate and incorporate by reference the acts and allegations contained in Paragraphs 1 through 121.

123. The Defendants admit the allegations set forth in Paragraph 123.

124. The Defendants deny the allegations set forth in Paragraph 124.

125. The Defendants deny the allegations set forth in Paragraph 125.

**COUNT IX:**
**INVASION OF PRIVACY**

126. The Defendants make no answer because Count IX was dismissed.

127. The Defendants make no answer because Count IX was dismissed.

128. The Defendants make no answer because Count IX was dismissed.

129. The Defendants make no answer because Count IX was dismissed.

## COUNT X:
## VIOLATION OF TITLE IX OF THE HIGHER EDUCATION AMENDMENTS OF 1972

130. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 through 129 and further state this count was dismissed as to Defendant Brown.

131. Defendant Cambridge College admits the allegations set forth in Paragraph 131. As to Defendant Brown, Count XII was dismissed and the Defendant makes no answer.

132. Defendant Cambridge College denies the allegations set forth in Paragraph No. 132. As to Defendant Brown, Count XII was dismissed and the Defendant makes no answer.

133. Defendant Cambridge College denies the allegations set forth in Paragraph No. 133. As to Defendant Brown, Count XII was dismissed and the Defendant makes no answer.

## COUNT XI:
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

134. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 through 133.

135. Defendants deny the allegations set forth in Paragraph 135.

136. Defendants deny the allegations set forth in Paragraph 136.

137. Defendants deny the allegations set forth in Paragraph 137.

138. Defendants deny the allegations set forth in Paragraph 138.

## COUNT XII:
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT,
## M.G.L. c. 12, §§ 11H and 11I

139. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 through 138 and further state this count was dismissed as to Defendant Brown.

140. Defendant Cambridge College denies the allegations set forth in Paragraph No. 140. As to Defendant Brown, Count XII was dismissed and the Defendant makes no answer.

141. Defendant Cambridge College denies the allegations set forth in Paragraph No. 141. As to Defendant Brown, Count XII was dismissed and the Defendant makes no answer.

## COUNT XIII:
## CLAIM UNDER 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS

142. The Defendants make no answer because Count XIII was dismissed.

143. The Defendants make no answer because Count XIII was dismissed.

144. The Defendants make no answer because Count XIII was dismissed.

145. The Defendants make no answer because Count XIII was dismissed.

146. The Defendants make no answer because Count XIII was dismissed.

147. The Defendants make no answer because Count XIII was dismissed.

## COUNT XIV:
## ADDITIONAL CLAIM UNDER 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS

148. The Defendants make no answer because Count XIV was dismissed.

149. The Defendants make no answer because Count XIV was dismissed.

150. The Defendants make no answer because Count XIV was dismissed.

151. The Defendants make no answer because Count XIV was dismissed.

152. The Defendants make no answer because Count XIV was dismissed.

**COUNT XV:**
**VIOLATION OF M.G.L. CHAPTER 149, § 104a –**
**GENDER PAY EQUITY DISPARITY**

153. The Defendants hereby restate and incorporate by reference the answers contained in Paragraphs 1 through 152.

154. The Defendants deny the allegations set forth in Paragraph 154.

155. The Defendants deny the allegations set forth in Paragraph 155.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendants.

**Third Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by their falsity.

**Fourth Affirmative Defense**

Plaintiff's claims fail because of her own conduct.

**Fifth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by Plaintiff's failure to mitigate damages.

**Sixth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences are barred because Plaintiff, by her acts and conduct, is estopped from asserting such claims.

**Seventh Affirmative Defense**

Cambridge College is a charitable corporation and any recovery by Plaintiff is limited by the provisions of M.G.L. c. 231, § 85K.

**Eighth Affirmative Defense**

The Defendants lack the requisite intent necessary to establish liability for plaintiff's claims.

**Ninth Affirmative Defense**

At all relevant times, the Defendants acted reasonably, in good faith and in compliance with all laws and regulations, did not violate any of plaintiff's rights under any federal, state or local law, rule, regulation or guideline, and otherwise satisfied their obligation towards plaintiff under state and federal law.

**Tenth Affirmative Defense**

The Defendants breached no duty or obligation owed to plaintiff.

**Eleventh Affirmative Defense**

Plaintiff's discharge did not constitute a breach of contract by the Defendants.

**Twelfth Affirmative Defense**

The Defendants did not need just cause to discharge Plaintiff, but even if it were required, the Defendants had just cause for the discharge.

**Thirteenth Affirmative Defense**

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

**CAMBRIDGE COLLEGE'S COUNTERCLAIMS AGAINST TONNESON**

**Factual Allegations Common to Each Counterclaim**

1. Tonneson at all times relevant hereto served as Vice President of Finance and Administration of Cambridge College, a charitable corporation organized under the laws of the Commonwealth of Massachusetts. Tonneson was responsible for the management of the financial affairs of the college.

2. Tonneson had a duty of honesty in dealing with college assets of any kind and in reporting and communicating to the Board of Trustees of the college and/or to individual college trustees.

3. Tonneson had a duty to preserve and protect Cambridge College's reputation.

4. Tonneson had a duty to manage Cambridge College and its business in compliance with all laws and regulations applicable to the charitable corporation.

5. During the course of her employment with Cambridge College, Tonneson breached her fiduciary duty, and her duty of loyalty and other obligations to the college in numerous ways.

6. Tonneson intentionally sought to deprive the Board of Trustees of critical information concerning the college's business and financial affairs and frequently presented only partial and misleading information to the Board concerning the college's business and finances.

7. Tonneson owed Cambridge College a duty to act at all times in the best interests of the college.

8. Tonneson owed Cambridge College a duty to preserve and protect Cambridge College's financial integrity.

9. Tonneson's multiple willful and intentional acts of misconduct and her willful and intentional wholesale breaches of her duties as an officer of the charitable corporation caused substantial financial and reputational damages to Cambridge College.

10. Tonneson's willful and knowing misconduct caused the college to wrongfully pay substantial sums of money to college vendors.

11. Tonneson's willful and knowing misconduct and malfeasance caused significant harm to the college's reputation, goodwill and advantageous relations with its accrediting agency, and its donors and other sources of funds to support the college mission, employees, and with existing students and prospective students.

12. Tonneson failed to pay the college's obligations to vendors and others in a timely fashion.

13. Tonneson failed to appropriately monitor expenses being incurred by college employees.

14. Tonneson failed to report to the Board of Trustees certain wrongful expenses and activities of senior officers of the college.

15. Tonneson paid college funds to settle a lawsuit against the college without informing the Board or seeking its approval.

16. Tonneson's improper management in handling the college's financial affairs caused the college to have to undergo two extensive and expensive audits.

17. Tonneson's mishandling of the college's financial affairs caused the college to restate two years of certified financial statements.

18. Tonneson failed to provide adequate and timely financial information to the Board of Trustees or senior management of the college.

19. Tonneson improperly managed the endowment fund of the college, especially restricted endowment funds.

20. Tonneson improperly used endowment funds, including restricted funds, to pay operating expenses of the college without obtaining authority from the Board of Trustees and without informing the Board of Trustees that she was doing so.

21. Tonneson's improper use of endowment funds, including restricted funds, caused the college to be in breach of its agreements with certain lenders.

22. Tonneson failed to disclose material information to the college's Board of Trustees concerning the true state of the college's finances and other college business affairs.

**COUNT I**
**(BREACH OF FIDUCIARY DUTY)**

39. Cambridge College realleges and incorporates by reference the allegations contained in ¶1 through ¶51 above as if fully set forth herein.

40. Tonneson served as Vice President and Chief Financial Officer of Cambridge College.

41. Tonneson, as Vice President and Chief Financial Officer of Cambridge College, owed Cambridge College a fiduciary duty.

42. Tonneson breached her fiduciary duty to the College.

43. Cambridge College has suffered damages as a direct and proximate result of Tonneson's breach of her fiduciary duty.

**COUNT II**
**(BREACH OF THE DUTY OF LOYALTY)**

44. Cambridge College realleges and incorporates by reference the allegations contained in ¶1 through ¶56 above as if fully set forth herein.

45. Plaintiff occupied a position of trust and confidence, thereby owing a duty of loyalty to Cambridge College to protect the College's interests and act in the College's best interests in all dealings relating to the scope of employment.

46. Plaintiff breached her duty of loyalty to the College.

47. Cambridge College has suffered damages as a direct and proximate result of Plaintiff's breach of her duty of loyalty.

WHEREFORE, defendants, Cambridge College, Inc. and Tito Guerrero, III, respectfully request that this Honorable Court:

A. Dismiss Plaintiff's Complaint in its entirety with prejudice;

B. Enter judgment in favor of Defendants on each of Plaintiff's claims;

C. Enter judgment in favor of Cambridge College on its counterclaims against Plaintiff, Jennifer Tonneson;

D. Award Cambridge College compensatory and consequential damages on counterclaims against Plaintiff, Jennifer Tonneson;

E. Award Cambridge College punitive damages against Plaintiff, Jennifer Tonneson;

F. Award interest, costs, and attorneys' fees to Cambridge College against Plaintiff, Jennifer Tonneson; and

G. Award Defendants such other further and different relief as this Court deems just.

Defendants
CAMBRIDGE COLLEGE and
EILEEN BROWN
By their attorneys,

/s/ Robert B. Smith

Robert B. Smith, BBO No. 546580
Janet B. Pezzulich, BBO No. 642442
LeClairRyan, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA 02110
robert.smith@leclairryan.com
janet.pezzulich@leclairryan.com
(617) 502-8200

Date: September 27, 2011

**CERTIFICATE OF SERVICE**

I, Robert B. Smith, hereby certify that a true and accurate copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system or if not registered on the Court's CM/ECF system then via first class mail on this 27th day of September, 2011

Dated: September 27, 2011

/s/Robert B. Smith
Robert B. Smith