## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### USDC NO.: 1:10-cv-12004-RWZ

|  |  |
|---|---|
| JENNIFER TONNESON,<br>　　Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CAMBRIDGE COLLEGE<br>and EILEEN BROWN,<br>　　Defendants | ) |

--------------------------------------------------------------------------------------------------------------

### PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF CAMBRIDGE COLLEGE

--------------------------------------------------------------------------------------------------------------

Now comes the plaintiff Jennifer Tonneson and hereby answers the Counterclaims of the defendant Cambridge College as follows:

#### Factual Allegations:

1.　　The plaintiff admits that she served as Vice President of Finance and Administration of Cambridge College and denies the remaining allegations set forth in Paragraph 1.

2.　　The plaintiff admits that she had a duty of honesty and denies the remaining allegations set forth in Paragraph 2.

3.　　The assertions made in Paragraph 3 contains legal conclusions for which no response is required.

4.　　The assertions made in Paragraph 4 contains legal conclusions for which no response is required.

5.　　The plaintiff denies the allegations set forth in Paragraph 5.

6.      The plaintiff denies the allegations set forth in Paragraph 6.

7.      The plaintiff admits the allegations set forth in Paragraph 7.

8.      The plaintiff admits the allegations set forth in Paragraph 8.

9.      The plaintiff denies the allegations set forth in Paragraph 9.

10.     The plaintiff denies the allegations set forth in Paragraph 10.  Further answering, the
plaintiff asserts that her monitoring of invoices resulted in corrections and prevented vendors
from being paid wrongfully.

11.     The plaintiff denies the allegations set forth in Paragraph 11.

12.     The plaintiff denies the allegations set forth in Paragraph 12.

13.     The plaintiff denies the allegations set forth in Paragraph 13.  Further answerting, the
plaintiff asserts that her monitoring of expenses of key employees prevented said employees
from receiving monies that were either duplicates or not legitimate expenses, or actually
reimbursing the defendant College for payments, often in the thousands of dollars.

14.     The plaintiff denies the allegations set forth in Paragraph 14.

15.     The plaintiff denies the allegations set forth in Paragraph 15.

16.     The plaintiff denies the allegations set forth in Paragraph 16.  Further answering, the
extensive audits were due to a prior College president and showed no improprieties or improper
management.

17.     The plaintiff denies the allegations set forth in Paragraph 17.

18.     The plaintiff denies the allegations set forth in Paragraph 18.

19.     The plaintiff denies the allegations set forth in Paragraph 19.

20.     The plaintiff denies the allegations set forth in Paragraph 20.

21.     The plaintiff denies the allegations set forth in Paragraph 21.

22.    The plaintiff denies the allegations set forth in Paragraph 22.

23. - 38. The defendant does not assert any allegations for paragraphs 23 to 38. In order to

retain the proper sequencing, the plaintiff asserts that there are no allegations for which the

plaintiff is obligated to admit or deny.

## Count 1:

39.    The plaintiff hereby restates and incorporates by reference the answers

contained in Paragraphs 1 through 38, including that there are no paragraphs 23-

38 in the defendant College's counterclaim. Further answering, the plaintiff

points out that the defendant College states in its counter complaint in Paragraph

39 that there had been 51 prior paragraphs; however, there were not.

40.    The plaintiff admits the allegations set forth in Paragraph 40.

41.    The plaintiff admits the allegations set forth in Paragraph 41.

42.    The plaintiff denies the allegations set forth in Paragraph 42.

43.    The plaintiff denies the allegations set forth in Paragraph 43.

## Count 2:

44.    The plaintiff hereby restates and incorporates by reference the answers

contained in Paragraphs 1 through 43, including that there are no paragraphs 23-

38 in the defendant College's counterclaim. Further answering, the plaintiff

points out that the defendant College states in its counter complaint in Paragraph

44 that there had been 56 prior paragraphs; however, there were not.

45.    The assertions made in Paragraph 45 contain legal conclusions for which no response is

required.

46.    The plaintiff denies the allegations set forth in Paragraph 46.

47.     The plaintiff denies the allegations set forth in Paragraph 47.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The counterclaims do not state a claim for which relief can be granted.

### Second Affirmative Defense

The plaintiff states that at all relevant times she acted in good faith and in compliance with all laws and regulations.

### Third Affirmative Defense

The plaintiff states that the injury or damage, if any, alleged in the defendant's counter complaint was neither caused nor proximately caused by the actions of the plaintiff.

### Fourth Affirmative Defense

The plaintiff states that the injury or damage, if any, alleged in the defendant's counter complaint was caused by the defendant's own conduct or the conduct of another, and not the conduct of the plaintiff.

### Fifth Affirmative Defense

The plaintiff states that the defendant, by its own acts, omissions, conduct and activity, is estopped from asserting any claim against the plaintiff.

### Sixth Affirmative Defense

The plaintiff states that the defendant's claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

The defendant's counterclaims against the plaintiff are frivolous and not made in good faith.

4

### Eighth Affirmative Defense

The defendant's counterclaims against the plaintiff are made for the defendant's continued harassment of the plaintiff and constitute further retaliation by the defendant against the plaintiff for asserting her claims.

### Ninth Affirmative Defense

The defendant's claims are barred and/or subject to reduction because it failed to mitigate its alleged harm.

### Tenth Affirmative Defense

The counter complaint does not state a claim for which relief can be granted because the plaintiff's conduct did not constitute a breach of fiduciary duty.

### Eleventh Affirmative Defense

The counter complaint does not state a claim for which relief can be granted because the plaintiff's conduct did not constitute a breach of the duty of loyalty.

### Twelfth Affirmative Defense

The defendant's counterclaims are barred because of its own conduct.

### Thirteenth Affirmative Defense

The plaintiff lacks the requisite intent necessary to establish liability for the defendant's counterclaims.

### Fourteenth Affirmative Defense

The plaintiff hereby gives notice that she intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend her Answer to this counter complaint and to assert any such defense by appropriate motion.

WHEREFORE, the plaintiff requests that the defendant's counter complaint against it be dismissed, and its request for relief denied.

## JURY CLAIM

The plaintiff demands a trial by jury on all counterclaims so triable.

Respectfully submitted,

PLAINTIFF JENNIFER TONNESON
By her Attorney,

/s/ John G. Gannon
John G. Gannon
BBO No. 554724
Suite 800
Ten Post Office Square
Boston, MA 02109
jggannon@yahoo.com
(617) 905-4115

Dated: November 3, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system and will be

served electronically to the following counsel of record:

> Robert B. Smith, BBO No. 546580
> Janet B. Pezzulich, BBO No. 642442
> LeClairRyan, A Professional Corporation
> One International Place, 11th Floor
> Boston, MA  02110


/s/ John G. Gannon

Date:  November 3, 2011

7